## Obold *v.* United Traction Company, Appellant.

*Negligence—Street railways—Fright of horse—Sweeper.*

In an action against a street railway company to recover damages for the death of a horse, a verdict and judgment for plaintiff will be sustained where it appears that plaintiff in driving a sleigh approached a sweeper at a point where it was difficult if not impossible to turn back, that when sixty feet from the sweeper, the horse took fright, that plaintiff jumped out of the sleigh, motioned the sweeper to stop, and after it had stopped, led the

horse by in safety to a point variously estimated at from fifteen to sixty feet ahead, and when about to mount the sleigh, the sweeper was started, the horse took fright, ran away and suffered injuries so that it had to be killed.

Argued Nov. 11, 1901.   Appeal, No. 7, Oct. T., 1901, by defendant, from judgment of C. P. Berks Co., March T., 1900, No. 15, on verdict for plaintiff, in case of John H. Obold v. United Traction Company.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Trespass to recover damages for death of plaintiff's horse. Before ENDLICH, J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was in entering judgment on verdict.

*Richmond L. Jones*, for appellant.—If a horse takes fright at an approaching car, and, because the car is not stopped, or because the sounding of the gong or the ringing of the bell is not discontinued, becomes unmanageable and runs away, injuring the driver or others, the company is not liable, unless the conduct complained of, in the management of the car, is attributable only to a wanton or malicious disregard for the safety of the driver or other travelers upon the street: Hazel v. People's Pass. Ry. Co., 132 Pa. 96; Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306; Piollet v. Simmers, 106 Pa. 95; Davison v. Wilkes-Barre, etc., Traction Co., 10 Pa. Superior Ct. 442; Yingst v. Lebanon, etc., St. Ry. Co., 167 Pa. 438.

*H. P. Keiser*, of *Jacobs & Keiser*, for appellee.—The case was for the jury: Lott v. Frankfort & Southwark Pass. R. R. Co., 159 Pa. 471; Gilmore v. Federal St., etc., Pass. Ry. Co., 153 Pa. 31; Dormer v. Alcatraz Paving Co., 16 Pa. Superior Ct. 407; Rusterholtz v. New York, etc., R. R. Co., 191 Pa. 390; Breunniger v. Penna. R. R. Co., 9 Pa. Superior Ct. 461.

OPINION BY ORLADY, J., February 14, 1902:

After reserving the question " whether there is any evidence in this case entitling the plaintiff to recover, " the court below directed judgment to be entered on a verdict in favor of the

plaintiff on the following state of facts : " Plaintiff, riding in a sleigh with a friend and going eastwardly, came upon the Harrisburg bridge while the defendants' snow sweeper, going west, was upon it.   There is evidence that it was difficult, if not impossible, for him to turn back.   When within about sixty feet of the sweeper, plaintiff's horse became frightened and plaintiff and his friend jumped out of the sleigh, caught the horse by the head and motioned to the persons in charge of the sweeper to stop.   The sweeper was stopped and the plaintiff led the horse by in safety.   When some distance beyond it, variously stated as fifteen, twenty and sixty feet, plaintiff stopped, intending to get into the sleigh and drive on.   Defendants' employee started the sweeper and the horse became frightened, reared and dashed away, dragging the plaintiff some little distance, and injuring itself so much that it had to be killed." A careful examination of the evidence convinces us that it would have been error not to have submitted the case to the jury.

The meeting of the plaintiff with the street sweeper was at a place where each had a right to be.   It was the duty of each to exercise watchful care in passing on the bridge.   The sweeper could not yield any space and very properly stopped to allow the plaintiff to get around it.   The defendant's employees must have known that the sweeper when in motion produced an unusual noise likely to frighten a horse of ordinary quietness, and that such a noise when coming from behind the horse would be likely to alarm it.   They saw its nervous condition when being taken around the sweeper and could readily anticipate that so long as the plaintiff was leading the horse, " that was rearing and much excited," " skittish and shy," the noise of the sweeper would be likely to aggravate its alarm.   At least it would be a reasonable inference for a jury to draw and the defendant had the sweeper entirely within its control.

Inferences of fact are derived wholly and directly from the circumstances of a particular case by means of the common experience of mankind without the aid of rules of law whatever, and such inferences are to be drawn by a jury and not by the court.   Just how long the sweeper should have remained still, depending as it does upon a number of other facts and the

inferences to be drawn from them, makes the case peculiarly one for a jury. The degree of care to be used under the circumstances was not to be determined by any fixed rule of law, and in view of the conflicting testimony could not have been disposed of by the court.

The judgment is affirmed.